

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

January 22, 1951

Hon. F. T. Graham
County Attorney
Cameron County
Brownsville, Texas

Opinion No. V-1145.

Re: Compensation of county
officers in Cameron
County.

Dear Sir:

According to your opinion request, the Commissioners' Court of Cameron County on September 28, 1949, adopted the following order:

"It is ordered by the Commissioners' Court of Cameron County that the salary of all elected county officials, including the County Auditor, be raised 15 percent, effective October 1, 1949."

Cameron County had a population according to the 1940 Federal census of 83,202, and the population according to the 1930 Federal census was 77,540. Cameron County now has a populations of 124,834 according to the 1950 Federal census. The tax valuation in Cameron County according to the last approved tax rolls of 1950 is $52,-635,730.00. In view of the change in the census, you have asked the following questions relative to the above quoted order of the commissioners' court:

"1. Does the increase in population and the resulting increase of the basic salaries of county officers automatically result in rendering ineffective the order of the Commissioners' Court raising salaries fifteen percent?

"2. Will an order setting the salaries of other county officers at $5500.00 result, in effect, in repealing the order of the Commissioners' Court raising their own salaries fifteen percent?

"3. Can the Commissioners' Court set the salaries of the officers mentioned in Article 3912e-6 at $5500.00 (being the salaries provided by law for such officers in

counties having a population between 100,-
000 and 190,000 - Cameron County having
124,834 according to the 1950 census) and
themselves continue to keep or take the
fifteen percent increase on their salaries
as per the order of said Court of date
September 28th, 1949, under Article 3912g,
Sec. 1, and not allow the said officers a
similar fifteen percent based on the sal-
ary of $5500.00?"

In Attorney General's Opinion V-1140 (1951), it
was held that Galveston County, having a population of
112,226 inhabitants according to the 1950 Federal census,
"now comes within the provisions of Articles 3912e-6 and
3912e-7. . . . Therefore, the maximum base pay of the
sheriff, assessor and collector of taxes, county judge,
county attorney, district clerk, and county clerk of Gal-
veston County is $5500.00." It was also held in that
opinion that Article 3912g, V.C.S., provides for an in-
crease in compensation in an additional amount not to
exceed twenty-five per cent of the sum allowed under the
law for the fiscal year of 1948. It was then concluded
that the maximum annual compensation that may now be al-
lowed the sheriff, assessor-collector of taxes, county
judge, county attorney, district clerk, and county clerk
of Galveston County is $6687.50. We believe that Opin-
ion V-1140 is equally applicable to Cameron County. There-
fore, if the Commissioners' Court of Cameron County pays
its county officers the sum of $5500.00 per annum, it
will not be granting those officers an increase under
the provisions of Article 3912g, but under the provi-
sions of Articles 3912e-6 and 3912e-7.

Article 3912g provides that the "members of
the Commissioners Court may not raise the salaries of
any of such Commissioners Court under the terms of this
Act without raising the salary of the remaining county
officials in like proportion." If the county officials
of Cameron County are not granted any increase in 1951
under the provisions of Article 3912g, the members of
the commissioners' court are not authorized to receive
the increase allowed under its provisions. Therefore,
you are advised that if the county officials of Cameron
County are paid an annual salary of $5500.00, the com-
pensation of the commissioners' court will be governed
by the provisions of Article 2350, V.C.S., and can only
be $3600.00.

## SUMMARY

The maximum base pay of the sheriff, assessor-collector of taxes, county judge, county attorney, district clerk, and county clerk of Cameron County is $5500.00 under the provisions of Articles 3912e-6 and 3912e-7, V.C.S., and the maximum base compensation of county commissioners under the provisions of Article 2350, V.C.S., is $3600.00. If the commissioners' court does not grant any increase under the provisions of Article 3912g, V.C.S., to the remaining county officials, the members of the commissioners' court cannot fix compensation for themselves in excess of the compensation provided for in Article 2350.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Jesse P. Luton, Jr.
Assistant

Charles D. Mathews
First Assistant

JR:mw

Yours very truly,

PRICE DANIEL
Attorney General

By
John Reeves
Assistant